IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

JOHN OSBORNE CRANDELL, III,

    Petitioner,

v.      CIVIL ACTION NO. 2:21-CV-16
    (JUDGE KLEEH)

U.S. NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION,

    Respondent.

### REPORT AND RECOMMENDATION RECOMMENDING THAT RESPONDENT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, BE GRANTED

This matter is before the Court pursuant to a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 15] and memorandum in support, thereof [ECF No. 16] filed by Respondent on August 30, 2021. The Court also is in receipt of Petitioner's Response, thereto, filed on September 13, 2021. [ECF No. 22]. The Court is in receipt of Respondent's Reply to Petitioner's Response, filed on October 6, 2021. [ECF No. 26]. Finally, the Court is in receipt of a filing by Petitioner styled as a "Reply to Reply[1] in Support of Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," filed on October 8, 2021. [ECF No. 28].

By Order dated August 31, 2021 [ECF No. 17], United States District Judge Thomas S. Kleeh referred the pending motion to the undersigned Magistrate Judge to review the record and make proposed findings and recommendations.[2]

---

[1] This filing is more properly characterized as a surresponse.
[2] The Order of referral indicates that the undersigned may conduct a hearing, if necessary. However, upon a thorough review of the entire record of this matter, the undersigned determines that a hearing is unnecessary.

1

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** the Respondent's motion for the reasons set forth below.

## I. FACTUAL BACKGROUND AND PETITIONER'S ALLEGATIONS

Petitioner filed a Petition for Writ of Mandamus ("Petition") on June 11, 2021. [ECF No. 5]. By the Petition, Petitioner complains that the United States National Archives and Records Administration ("NARA") has not fulfilled a request that he made for certain records lodged as part of a civil action which was pending in this Court in 1993, Case No. 93-CV-0093.[3] NARA's role, in general terms, is to handle, store, and sometimes destroy certain records of various federal agencies. [See ECF No. 16-1]. In some instances, these records include those of United States District Courts. Id. NARA is an independent agency of the federal government's Executive Branch. Id.

Petitioner alleges that on April 23, 2020, he made a request of NARA for records from a separate, closed civil case which once was pending in this Court in this Court, Case No. 93-CV-0093. [See ECF No. 5 at 3]. Petitioner states that his request for records has gone unfulfilled, and by this action, requests that the records request be fulfilled. Petitioner also requests, somewhat confusingly, relief under the Administrative Procedures Act ("APA").[4] In any event, Petitioner also seeks certain forms of relief in damages and fees.

---

[3] It appears that Petitioner desires to possess these records because he believes them to be somehow germane to other civil actions he has brought in this Court. Those actions are: Case No. 2:18-CV-124, in which the Court granted a motion to dismiss, and Case No. 2:18-CV-87, in which the undersigned today enters an Order granting summary judgment in favor of the defendant in that matter. In any event, Petitioner's purpose for seeking these records is immaterial to the Court's analysis in this Report and Recommendation.
[4] Petitioner seems to confuse and conflate relief sought under the APA and relief sought via a petition for writ of mandamus. They are two separate causes of action which, if successful, would provide different forms of relief for different reasons under the law. The APA specifies its own processes and standards for relief sought under that Act. Nonetheless, the undersigned addresses it herein.

Respondent first explains the history and role of NARA, and how it conducts it is directed to conduct its work as established by statute. In so doing, Respondent provides a Declaration of Dan Bedesem, who at the time of his declaration was the Acting Director of the Philadelphia Records Center. [ECF No. 16-1]. The undersigned does not recap Respondent's exhaustive and helpful explanation of what NARA's administrative structure and statutory and regulatory duties. However, it is helpful to note the following. NARA has an agreement with the Administrative Office of the United States Courts to make certain court records available upon request. [Id. at 5.] NARA has 18 Federal Records Centers ("FRC") throughout the United States. [Id. at 4.] The Philadelphia FRC once kept the records at issue. [Id. at 7]. An arm of NARA, the Trust Fund office, processes intakes for requests for records. [Id. at 5]. In the ordinary course, NARA maintains physical custody of agency records, while the agency transmitting the records to NARA retains legal custody. [Id. at 4].

Respondent then explains that NARA has a process by which it may eventually, permanently archive a small percentage (approximately one percent to three percent) of the records it maintains. [Id. at 2-3]. But commonly, an agency transferring physical custody of records to NARA ultimately will initiate a process by which such records are destroyed. [Id. at 3-5]. In the instant matter, the case file which Petitioner seeks was transferred to the Philadelphia FRC on or about December 9, 1998, for a temporary retention period. [Id. at 7]. The records at issue ultimately were approved for disposal and were disposed on July 19, 2011. [Id.] As such, no records were permanently archived. [Id.] Petitioner made his request of NARA during a time when the agency and its facilities were impacted by the onset of the COVID-19 global pandemic. [Id. at 5-6]. Owing to the disruption of NARA operations, Petitioner did not receive information about the status of the records he sought before he initiated this action. [Id. at 5-7].

As for Petitioner's FOIA request for these records, it does not appear that Petitioner directed a FOIA request to NARA.[5] While Petitioner expresses dissatisfaction with NARA's handling of the records at issue and of his request, he does not point to any legal authority to indicate that NARA acted contrary to law in this instance.

## II. LEGAL ISSUES AND ANALYSIS

### A. Standards for Pro Se Party, Mandamus Relief, and Motion to Dismiss/Summary Judgment

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint or petition is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As for mandamus relief, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.A. § 1361. As the Fourth Circuit has explained, mandamus is an extraordinary remedy and a party such as Petitioner here has a heavy burden to show entitlement to mandamus relief. "A writ of mandamus is issued to require an officer or employee of the United States to perform a duty owed to the plaintiff. Mandamus is only issued if the petitioner has no other adequate means to attain the relief he desires and that his right to the

---

[5] Confusingly, Petitioner makes a related argument about how his FOIA request somehow involves Regional Counsel for the United States Economic Development Administration ("EDA"). From the undersigned's review of the record, it is not clear how Petitioner argues that his prior engagement with the EDA bears on the issues before the Court in this case. In any event, the EDA is not a party to this matter.

4

issuance of the writ is clear and indisputable." Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 433 (4th Cir. 2005) (citations omitted).

As for a motion to dismiss, the rules which govern civil actions require that Plaintiff here set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under seminal civil procedure caselaw, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reliance on Twombly, the Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant here alternatively moves for summary judgment. If, on a motion made pursuant to Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). As is well-established, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party filing a summary judgment motion must first demonstrate that here is no genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party sufficiently shows that there is no genuine factual issue such that there is only a legal issue for the Court to resolve, then the burden shifts to the non-moving party to a "make sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id.

### B. Petitioner's FOIA claim fails for lack of a proper FOIA request.

This issue is rather straightforward.[6] Petitioner complains about the lack of response to a FOIA request. Longstanding statutory law sets forth a process by which one may seek certain types of records from administrative agencies. 5 U.S.C. § 552(a)(3). Of course, there is, additionally, an entire body of interpretive caselaw pertaining to this statute. However, Petitioner appears to have accounted for none of that here. Petitioner named the Respondent here, NARA, when he brought this action based on a perceived FOIA violation. However, in the undersigned's extensive review of the record, nowhere does Petitioner point to FOIA request lodged with Respondent. At most, Petitioner made a request for records via an intake system for requests maintained by the NARA Trust Fund. Nothing about this request for records amounts to a proper FOIA request. After all, for a FOIA claim to lie, an agency must be shown to have wrongly withheld records. West v. Jackson, 448 F. Supp. 2d 207, 211 (D.D.C. 2006).

Here, under Fed. R. Civ. P. 12(b)(6), Petitioner has failed to state a valid claim on which relief could be granted. Alternatively, under Fed. R. Civ. P. 56, there is no genuine issue of material fact, and Respondent is entitled to judgment as a matter of law. Accordingly, Petitioner's action, insomuch as it turns on this issue, should be dismissed.

### C. Petitioner is not entitled to mandamus relief because he did not exhaust his administrative remedies.

As Respondent correctly points out, a central tenet of litigation against an administrative agency such as NARA here (as to FOIA and otherwise) is for a petitioner to exhaust their administrative remedies before they bring such litigation. Id. at 210. "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an

---

[6] Again, as noted above, relief sought under the APA is different from relief sought via a petition for writ of mandamus. Nonetheless, the undersigned addresses it herein.

opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). The policy in requiring exhaustion "allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." Id. Thus, if a petitioner does not exhaust their administrative remedies, dismissal of their civil action is proper.

Under FOIA, an agency in receipt of a request must, in general, respond to the request within 20 days. 5 U.S.C. § 552(a)(6)(A)(I).[7] Instructive caselaw directs that an agency's failure to respond within this 20-day timeframe results in a petitioner's constructive exhaustion of administrative remedies. Jud. Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003). However, in order to trigger this obligation of an agency to respond, an agency naturally must receive a FOIA request. Id.

Nowhere in the record does Petitioner show that he submitted a FOIA request to Respondent. Petitioner may have lodged FOIA requests with another agency, such as the Department of Commerce, but in the undersigned's review of the record, there is no FOIA request evident as to Respondent. As there is no evidence that Petitioner sent a FOIA request to Respondent, or that Respondent received a FOIA request from Petitioner, then Petitioner has failed to make a threshold showing here. In other words, he has failed to exhaust administrative remedies because he did not properly lodge a FOIA request in the first instance. Thus, under either the standard set forth by Fed. R. Civ. P. 12(b)(6) or under that of Fed. R. Civ. P. 56, Petitioner's claim here fails. There is no claim here upon which the Court could grant relief to Petitioner. Alternatively, there is no genuine issue of material fact, and Respondent is entitled to judgment as a matter of law.

---

[7] Notably, this 20-day timeline is for the agency to respond, not necessarily to deliver the records requested.

### D. Petitioner is not entitled to mandamus relief because, even if he would be entitled to it, such relief would be futile.

There is no question that the documents which Petitioner seeks no longer exist. As such, the relief he seeks here is futile. In brief, although Petitioner here clearly is dissatisfied with the fact that the documents he seeks do not exist, he points to no legal authority which would require Respondent here to have retained the records in question, nor does he point to any legal authority affording him any sort of relief because the records were not retained. After all, "[a]n agency does not violate the FOIA for its failure to locate records destroyed in accordance with an agency's normal retention policy. The Court's authority is limited to the release of non-exempt agency records in existence at the time the agency receives the FOIA request." Anderson v. U.S. Dep't of Just., 518 F. Supp. 2d 1, 9–10 (D.D.C. 2007).

In the case at bar, Respondent has provided a thorough explanation of its processes for collection, maintenance, storage, and, where appropriate, destruction of records. Petitioner may be dissatisfied that all agency records for all time are not retained. And Petitioner may be dissatisfied that he that he was delayed in learning of the records' destruction because of interruptions of Respondent's operations owing to a global pandemic. However, Petitioner's dissatisfaction in these regards does not give rise to a legal cause of action entitling him to mandamus relief. More to the point, nothing shows that Respondent here acted improperly or contrary to law and its longstanding procedure in destroying the records at issue. Indeed, it appears that longstanding policy and practice is for Respondent to retain, on a permanent basis, only a very small percentage of such records in its custody and control. In the undersigned's review, nothing in the law requires Respondent to act differently than it has in this instance with respect to the records in question.

Thus, whether the claim here is evaluated under Fed. R. Civ. P. 12(b)(6) or under Fed. R. Civ. P. 56, Petitioner's argument fails. There is no claim here upon which the Court could grant

relief to Petitioner. Alternatively, there is no genuine issue of material fact, and Respondent is entitled to judgment as a matter of law.

### III. RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment or in the Alternative Motion to Dismiss [ECF No. 15] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** and stricken from this Court's docket.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted November 23, 2021.

_____<br>
MICHAEL JOHN ALOI<br>
UNITED STATES MAGISTRATE JUDGE

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted November 23, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE