IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN OSBORNE CRANDELL, III,**

    **Petitioner,**

v.                                     Civil Action No. 2:21CV16
                                                     (Judge Kleeh)

**U.S. NATIONAL ARCHIVES AND**
**RECORDS ADMINISTRATION,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38] AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

    **I.**    **BACKGROUND AND REPORT AND RECOMMENDATION**

Pending before the Court is Respondent U.S. National Archives and Records Administration's *Motion to Dismiss, or, in the alternative, Motion for Summary Judgment* [ECF No. 15]. Petitioner John Osborne Crandell, III, responded in opposition, and Respondent replied.[1] [ECF Nos. 22, 26]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for a report and recommendation on the disposition of Respondent's Motion. Magistrate Judge Aloi submitted *Report and Recommendation Recommending that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary*

---

[1] Petitioner, without leave of Court, filed a surresponse to the motion. Because it was filed without leave of Court, the surresponse will not be considered. [ECF No. 28].

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38] AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

*Judgment* ("R&R")*, be Granted.* [ECF No. 38]. Petitioner timely filed "Response and Objection" to the R&R. [ECF No. 40]. This matter is ripe for decision.

On June 11, 2021, the pro se Petitioner, John Osborne Crandell, III, ("Petitioner"), filed a "Civil Complaint and Motion for Writ of Mandamus" seeking certain court records from a U.S. National Archives and Records Administration ("NARA") Case No. 93-CV-0093. [ECF No. 5]. Much of Petitioner's assertions in the complaint relate to the defendants against whom he has filed an action in Hardy County, West Virginia, in Case No. 18-CV-87. Id.

On August 30, 2021, Respondent U.S. National Archives and Records Administration ("Respondent") filed *Motion to Dismiss, or, in the alternative, Motion for Summary Judgment* [ECF No. 15] discussing the status of records in NARA, including that certain records are designated as "permanent" and others are subject to "temporary" status. [ECF No. 15]. Respondent confirmed that the case file which Petitioner seeks was transferred to the Philadelphia Federal Record Center ("FRC") on or about December 9, 1998, for a temporary retention period. [ECF No. 16]. The records at issue ultimately were approved for disposal and were disposed on July 19, 2011. Id.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38] AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On November 23, 2021, the Magistrate Judge submitted the R&R [ECF No. 38], recommending that the Court grant Respondent's motion to dismiss [ECF No. 15] and that Petitioner's Complaint be dismissed with prejudice for the failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and, alternatively, there is no genuine issue of material fact, and Respondent is entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure.

## II. OBJECTIONS AND STANDARD OF REVIEW

The R&R informed the parties of their right to file specific written objections to the magistrate judge's report and recommendation. "Any party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Further, the magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. [ECF No. 38]. Therefore, parties have seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38] AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

objection is made, and the basis of such objection." Failure to timely object within the appropriate time period – here, governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and LR PL P 12 – "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Petitioner accepted service of the R&R on November 30, 2021. [ECF No. 39]. On December 10, 2021, Petitioner timely filed "Plaintiff's Response and Objection to Report and Recommendation Recommending that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, be Granted." [ECF No. 40].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38] AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38] AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

Petitioner filed a ten-page document pointing out sections of the R&R to which he disagrees, purporting to be his objections. [ECF No. 40]. Petitioner spends much time discussing the relationship between the present case and case numbers 2:18-cv-87 and 5:21-cv-50. Id. Regarding the case before the Court – that is 2:21-cv-16 – Petitioner moves on to repeat portions of the Magistrate Judge's legal analysis and recommendation and conclusion as stated in the R&R. Id. Plainly, Petitioner failed to object, and no area of disagreement within the "Response and Objection" is supported with legal authority. Id. The objections are unspecific and are devoid of any reference to specific findings or recommendations.

### III. CONCLUSION

The Court finds that Plaintiff's objections are conclusory, restate and clarify the allegations of his Complaint, and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the allegations lodged in the Complaint. Because Plaintiff's objections are insufficient, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 38]. The Motion to Dismiss is **GRANTED** [ECF No. 15]

Case 2:21-cv-00016-TSK-MJA Document 46 Filed 02/01/22 Page 7 of 7 PageID #: 309

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38] AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. [ECF No. 5]. Petitioner's Motion to Compel [ECF No. 42] and Motion for Extension of Time [ECF No. 45], and Respondent's Motion to Stay [ECF No. 43] are **DENIED** as moot.

The Court **ORDERS** that this action be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Plaintiff via certified mail, return receipt requested.

**DATED:** February 1, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE