IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN OSBORNE CRANDELL, III,

    **Petitioner,**

v.                                                            Civil Action No. 2:21CV16
                                                                        (Judge Kleeh)

**U.S. NATIONAL ARCHIVES AND**
**RECORDS ADMINISTRATION,**

    **Respondent.**

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]**
**AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

The Respondent U.S. National Archives and Records Administration filed *Motion to Dismiss, or, in the alternative, Motion for Summary Judgment* [ECF No. 15]. Petitioner John Osborne Crandell, III, responded in opposition, and Respondent replied.[1] [ECF Nos. 22, 26]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for a report and recommendation on the disposition of Respondent's Motion. Magistrate Judge Aloi submitted *Report and Recommendation Recommending that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* ("R&R"), *be*

---

[1] Petitioner, without leave of Court, filed a surresponse to the motion. Because it was filed without leave of Court, the surresponse will not be considered. [ECF No. 28].

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

*Granted.* [ECF No. 38]. Petitioner timely filed "Response and Objection" to the R&R. [ECF No. 40].

On February 1, 2022, the Court adopted the magistrate judge's R&R, overruled Petitioner's objections, granted Respondent's motion to dismiss and dismissed with prejudice Petitioner's complaint. ECF No. 46. On February 14, 2022, the Petitioner filed a notice of appeal. ECF No. 48. On February 7, 2023, the United States Court of Appeals for the Fourth Circuit vacated the Court's order and remanded for further proceedings because the Court failed to apply the proper standard in reviewing the magistrate judge's recommendation. ECF Nos. 57, 58, 59. For the reasons discussed herein, the Court adopts the magistrate judge's R&R, overrules Petitioner's objections, grants Respondent's motion to dismiss and dismisses with prejudice Petitioner's complaint.

## I.  BACKGROUND AND REPORT AND RECOMMENDATION

On June 11, 2021, the pro se Petitioner, John Osborne Crandell, III, ("Petitioner"), filed a "Civil Complaint and Motion for Writ of Mandamus" seeking certain court records from a U.S. National Archives and Records Administration ("NARA") Case No. 93-CV-0093. [ECF No. 5]. Much of Petitioner's assertions in the complaint relate to the defendants against whom he has filed an action in Hardy County, West Virginia, in Case No. 18-CV-87. Id.

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

On August 30, 2021, Respondent U.S. National Archives and Records Administration ("Respondent") filed *Motion to Dismiss, or, in the alternative, Motion for Summary Judgment* [ECF No. 15] discussing the status of records in NARA, including that certain records are designated as "permanent" and others are subject to "temporary" status. [ECF No. 15]. Respondent confirmed that the case file which Petitioner seeks was transferred to the Philadelphia Federal Record Center ("FRC") on or about December 9, 1998, for a temporary retention period. [ECF No. 16]. The records at issue ultimately were approved for disposal and were disposed on July 19, 2011. Id.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On November 23, 2021, the Magistrate Judge submitted the R&R [ECF No. 38], recommending that the Court grant Respondent's motion to dismiss [ECF No. 15] and that Petitioner's Complaint be dismissed with prejudice for the failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and, alternatively, there is no genuine issue of material fact, and Respondent is entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure.

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

## II.   OBJECTIONS AND STANDARD OF REVIEW

The R&R informed the parties of their right to file specific written objections to the magistrate judge's report and recommendation. "Any party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Further, the magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. [ECF No. 38]. Therefore, parties have seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." Failure to timely object within the appropriate time period – here, governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and LR PL P 12 - "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."

The docket reflects that Petitioner accepted service of the R&R on November 30, 2021. [ECF No. 39]. On December 10, 2021, Petitioner timely filed "Plaintiff's Response and Objection to Report and Recommendation Recommending that Respondent's Motion to

Case 2:21-cv-00016-TSK-MJA   Document 62   Filed 08/25/23   Page 5 of 11   PageID #: 336

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

Dismiss, or in the Alternative, Motion for Summary Judgment, be Granted." [ECF No. 40].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). To warrant de novo review, the objections must be specific. United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). However, a party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

### III. OBJECTIONS

Petitioner filed a ten-page document pointing out sections of the R&R to which he objects. [ECF No. 40]. In the opinion, the United States Court of Appeals for the Fourth Circuit found that "Crandell objected to the magistrate judge's recommendation and asserted that, pursuant to NARA's Records Disposition Schedule for district court case files, NARA was required to permanently retain the file for Taylor v. Brown" and disagreed with this Court's characterization of the objections as nonspecific. Crandell v. U.S. Nat. Archives and Records Admin., No. 22-1151, 2023 WL 1794150, *1 (4th Cir. Jan. 26, 2023) (per curiam) (unpublished). Specifically, "[t]he district court did not address Crandell's assertion and evidence related to the Records Disposition Schedule." Id. Therefore, the Court reviews Petitioner's Response and Objection under de novo review.

Petitioner spends much time discussing the relationship between the present case and case numbers 2:18-cv-87 and 5:21-cv-50. Id. Regarding the case before the Court – that is 2:21-cv-16 – Petitioner alleges Judge Aloi failed to discuss NARA job number N1-21-10-2 or Chapter 6 of the Guide to Judiciary Policy, Vol. 10, and fraud against the Government. Id.  By statute, federal records are either labeled temporary or permanent record-keeping. ECF No.

6

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]**
**AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

16-1, ¶ 5 (quoting 44 U.S.C. § 2107). "Only one to three percent of agency federal records are permanent." Id. Temporary records are destroyed at the end of their stated retention period. Id. ¶ 6. "When federal agencies no longer need records for current agency business purposes, in most instances, they transfer those records to NARA." Id. (citing 44 U.S.C. § 3103).

On April 23, 2020, Petitioner made a request for district court records of case number 93-0093E, Taylor v. Brown and Hardy County Rural Development Authority. ECF No. 5, Compl., at 3; ECF No. 16-1 at ¶ 3. "NARA learned that the case requested by Petitioner, case number 93-0093E, was transferred to the Philadelphia FRC by the U.S. District Court as part of Accession 21-99-0038-DWV, pursuant to a SF 135 dated December 9, 1998, and the retention period was "temporary . . . ." ECF No. 16-1, ¶ 26. The records were approved by NARA for disposal and were ultimately disposed on July 19, 2011. ECF No. 38 at 3, citing ECF No. 16 at 7. As to Petitioner's objection that "the defendant has provided no conclusive evidence that case files of 93-0093E were destroyed," it is overruled because the record before the Court supplies conclusive evidence that the records were, in fact, destroyed. ECF No. 16 at 5-7, 14-16; ECF No. 16-1, ¶ 27; ECF No. 26 at 1-3.

Petitioner cites to Chapter 6 of the Guide to Judiciary Policy

7

Case 2:21-cv-00016-TSK-MJA   Document 62   Filed 08/25/23   Page 8 of 11  PageID #: 339

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

in support of his objections. Without support, Petitioner references Record Code 893 (Environmental Matters) in the Records Disposition Schedule which carries a disposition of permanent record keeping, with the transfer of records to NARA 15 years after the close of the case. Guide to Judiciary Policy Vol. 10, Pub. Access and Records Mgmt. Ch. 6, Appx 6B. However, Petitioner submits no evidence rebutting Respondent's evidence or substantiating his conclusion that the court records he attempted to obtain should be categorized under Record Code 893 or that the records were improperly handled. For that reason and those that follow, the objection is meritless.

Indeed, "case number 93-0093E, was transferred to the Philadelphia FRC by the U.S. District Court as part of Accession 21-99-0038-DWV, pursuant to a SF 135 dated December 9, 1998, and the retention period was "temporary . . . ." ECF No. 16-1, ¶ 26. "Accession 21-99-0038-DWV was reappraised for a disposal date of January 1, 2011, disposition was approved on June 23, 2011, and the Accession was disposed of on July 19, 2011." ECF No. 16-1, ¶ 27. "Review of the case list for any case files kept permanently from that accession found that case 93-0093E was not transferred to the archives." Id. ¶ 28. In response to his online request, Christopher Anderson, Regional Freedom of Information Act Officer,

Case 2:21-cv-00016-TSK-MJA   Document 62   Filed 08/25/23   Page 9 of 11   PageID #: 340

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

wrote: "[t]he project you referenced was completed in 1995 and [] under EDA's records retention schedule, records related to construction projects are normally destroyed twenty years after project completion." ECF No. 16-2. Absent evidence substantiating Petitioner's assertion that NARA acted contrary to law in this instance, the Court overrules the objection.

Also contrary to Petitioner's assertion, Petitioner did not submit a FOIA request to NARA. Instead, he submitted an online reference request through NARA's Trust Fund Office. ECF No. 16-1, ¶¶ 14-15. "[T]he fact that responsive documents once existed does not mean that they remain in the [agency's] custody today or that the [agency] had a duty under FOIA to retain the records." Wilbur v. C.I.A., 355 F.3d 675, 678 (D.C. Cir. 2004). Indeed, [f]ederal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records." West v. Jackson, 448 F. Supp. 2d. 207, 211 (D.D.C. 2006) (internal citation omitted). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." Id. (internal quotation omitted). Because Petitioner failed to exhaust his administrative remedies for the FOIA claim, Petitioner's objections are overruled and Federal Rule of Civil Procedure 12(b)(6) dismissal is appropriate. See Lopez v. CIA, 301 F. Supp.

9

Case 2:21-cv-00016-TSK-MJA Document 62 Filed 08/25/23 Page 10 of 11 PageID #: 341

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

3d 78, 88-89 (D.D.C. Mar. 15, 2018).

Finally, Petitioner's assertion of fraud against the Government is meritless. It remains true that at the crux of the Magistrate Judge's recommendation, and this Court's decision, is that Petitioner did not submit a proper FOIA request and the records no longer exist. Based upon the record before the Court, including the FRC Director's affidavit and attached forms establishing the disposition of the court records of case number 93-0093E, the Court **OVERRULES** Petitioner's Objections. ECF No. 40.

## IV.    CONCLUSION

After de novo review, the Court **ADOPTS** the R&R [ECF No. 38]. The Motion to Dismiss is **GRANTED** [ECF No. 15] and Petitioner's Objections [ECF No. 40] are **OVERRULED**. The Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. [ECF No. 5]. Petitioner's Motion to Compel [ECF No. 42], Motion for Extension of Time [ECF No. 45], Respondent's Motion to Stay [ECF No. 43], and Motion for Status and Scheduling Hearing [ECF No. 61] are **DENIED** as moot.

The Court **ORDERS** that this action be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to

**SECOND MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 38]
AND OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 40]**

counsel of record via electronic means and to the pro se Plaintiff via certified mail, return receipt requested.

**DATED:** August 25, 2023

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA